**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

JUICY COUTURE, INC.,                                      :

          Plaintiff,                          :         **Civil Action No.**
                                       :         **08 CV 03985 (DAB) (THK)**

          v.                                   :

                                         :         **ECF**

VICTORIA'S SECRET STORES BRAND          :
MANAGEMENT, INC., VICTORIA'S SECRET  :
STORES, L.L.C., VICTORIA'S SECRET         :
DIRECT BRAND MANAGEMENT, L.L.C.,       :
                                       :

          Defendants.                       :
-----------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

        Defendants, VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., VICTORIA'S SECRET STORES, L.L.C., and VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, L.L.C. (collectively, hereinafter "defendants" or "Victoria's Secret"), by their attorneys, for their answer and affirmative defenses to the complaint of plaintiff, JUICY COUTURE, INC. (hereinafter "plaintiff" or "Juicy Couture"), allege as follows:

        1.      Defendants admit that plaintiff has commenced this civil action based on allegations of false designations of origin and false descriptions and representations, and unfair competition under Section 43(a) of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a); allegations of unfair and deceptive trade practices under New York General Business Law § 349; and allegations of related claims of trade dress infringement and unfair competition under the common

law of the State of New York, except that defendants deny liability to plaintiff for any of its claims set forth in its complaint.

2.      Defendants admit that this Court has subject matter jurisdiction over the claims set forth in the complaint as alleged in paragraph 2 of the complaint, except that defendants deny liability to plaintiff for any of its claims.

3.      Defendants admit that this Court has personal jurisdiction over defendants as alleged in paragraph 3 of the complaint, except that defendants deny liability to plaintiff for any of its claims.

4.      Defendants deny the allegations contained in paragraph 4 of the complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.      Defendants admit the allegations contained in paragraph 6 of the complaint.

7.      Defendants admit the allegations contained in paragraph 7 of the complaint.

8.      Defendants admit the allegations contained in paragraph 8 of the complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, except admit that limited quantities of plaintiff's swimwear line were offered for sale by defendants in 2006 and 2007.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint, except admit that examples of plaintiff's merchandise appear to be depicted in paragraph 18.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19, 19(A), 19(B), 19(C)

and 19(D) of the complaint, except admit that examples of plaintiff's merchandise appear to be depicted in paragraphs 19(A) through 19(D).

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint, except admit that examples of plaintiff's merchandise appear to be depicted in in paragraph 20.

21.    Defendants deny the allegations contained in paragraph 21 of the complaint.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25.    Defendants deny the allegations contained in paragraph 25 of the complaint.

26.    Defendants admit the allegations contained in paragraph 26 of the complaint to the extent that "manufacturing, producing, selling, and distributing clothing, including underwear, swimwear, sleepwear, and sweat pants" comprises part of defendants' businesses.

27.    Defendants admit the allegations contained in paragraph 27 of the complaint to the extent that defendants' retail stores, retail catalog and internet website

-4-

have carried and do carry brands other than their own brands, which consist of a small percentage of defendants' total merchandise offerings.

28.    Defendants admit the allegations contained in paragraph 28 of the complaint to the extent that their VICTORIA'S SECRET PINK trademark was first used in connection with fragrances in or about 2001 and that they later also began selling a wide range of apparel and accessories in connection with their VICTORIA'S SECRET PINK trademark through their retail stores, retail catalog and internet website. Further, defendants admit that freestanding VICTORIA'S SECRET PINK stores began opening in 2006 and that VICTORIA'S SECRET PINK is predominantly, but not exclusively, marketed towards college-age women.

29.    Defendants deny the allegations contained in paragraph 29 of the complaint, except admit that examples of plaintiff's and defendants' merchandise, labels and promotional materials appear to be depicted in paragraph 29.

30.    Defendants deny the allegations contained in paragraph 30 of the complaint, except admit that examples of plaintiff's and defendants' merchandise and promotional materials appear to be depicted in paragraph 30.

31.    Defendants deny the allegations contained in paragraph 31 of the complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the complaint, except admit that they were developing "sweets" or candy-themed packaging prior to October 2007.

33.    Defendants deny the allegations contained in paragraph 33 of the complaint.

34.   Defendants deny the allegations contained in paragraphs 34 and 34(A) through 34(D) of the complaint, except admit that examples of plaintiff's and defendants' merchandise appear to be depicted in paragraphs 34(A) through 34(D).

35.   Defendants admit the allegations contained in paragraph 35 of the complaint to the extent that their merchandise featuring "sweets" or candy-themed packaging is sold in interstate commerce in connection with defendants' VICTORIA'S SECRET PINK trademark, except specifically deny the remainder of the allegations set forth in paragraph 35 of the complaint.

36.   Defendants deny the allegations contained in paragraph 36 of the complaint.

37.   Defendants admit the allegations contained in paragraph 37 of the complaint to the extent that they received a letter from plaintiff's counsel setting forth plaintiff's allegations and that they responded in writing to plaintiff's counsel as set forth in the letter attached hereto and incorporated herein by reference as Exhibit 1, except deny that plaintiff's claims have any merit such that defendants should be compelled to comply with plaintiff's requests.

38.   Defendants deny the allegations contained in paragraph 38 of the complaint.

39.   Defendants deny the allegations contained in paragraph 39 of the complaint.

40.   Defendants deny the allegations contained in paragraph 40 of the complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the complaint.

42.     Defendants admit the allegations contained in paragraph 42 of the complaint, except deny that plaintiff's license, authorization or permission is required for any of defendants' alleged acts.

43.     Defendants deny the allegations contained in paragraph 43 of the complaint.

44.     Defendants repeat and re-allege each and every of their foregoing answers to the allegations contained in paragraphs 1 through 43 of the complaint as if more fully set forth hereinagain.

45.     Defendants deny the allegations contained in paragraph 45 of the complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the complaint.

48.     Defendants repeat and re-allege each and every of their foregoing answers to the allegations contained in paragraphs 1 through 47 of the complaint as if more fully set forth hereinagain.

49.     Defendants deny the allegations contained in paragraph 49 of the complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the complaint.

52.     Defendants repeat and re-allege each and every of their foregoing answers to the allegations contained in paragraphs 1 through 51 of the complaint as if more fully set forth hereinagain.

53.     Defendants deny the allegations contained in paragraph 53 of the complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

58.     The complaint fails to state any cause of action against defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

59.     Plaintiff is not entitled to exclusively appropriate "sweets" or candy-themed packaging.

## THIRD AFFIRMATIVE DEFENSE

60.    Plaintiff has not specifically identified what elements make up its "Sweet Shoppe" trade dress.

61.    Plaintiff's use of its alleged "Sweet Shoppe" trade dress is not inherently distinctive.

62.    Plaintiff's "Sweet Shoppe" trade dress is ornamental and does not serve to identify plaintiff as the source or origin of the merchandise with which it is offered.

63.    Plaintiff's use of its alleged "Sweet Shoppe" trade dress has not acquired secondary meaning.

64.    Plaintiff's alleged "Sweet Shoppe" trade dress is unprotectable.

## FOURTH AFFIRMATIVE DEFENSE

65.    Upon information and belief, defendants began the development of their "sweets" or candy-themed packaging prior to plaintiff's first use of its alleged "Sweet Shoppe" trade dress.

## FIFTH AFFIRMATIVE DEFENSE

66.    Defendants' "sweets" or candy-themed packaging is visually distinct and dissimilar from plaintiff's "Sweet Shoppe" trade dress.

67.    Defendants' "sweets" or candy-themed packaging is always used in conjunction with either defendants' VICTORIA'S SECRET Mark or other marketing that clearly indicates that defendants are the source of such merchandise.

## SIXTH AFFIRMATIVE DEFENSE

68.    There is no likelihood of confusion between any of the products that bear plaintiff's alleged "Sweet Shoppe" trade dress and any of defendants' products that bear "sweets" or candy-themed packaging.

## SEVENTH AFFIRMATIVE DEFENSE

69.    Upon information and belief, many of the "icons, elements, products, and marketing strateg[ies]" identified in plaintiff's complaint are unprotectable ideas and/or concepts that are used or have been used by third parties.

## EIGHTH AFFIRMATIVE DEFENSE

70.    Plaintiff's complaint and claims for relief are barred by the equitable doctrines of waiver, laches, estoppel and/or acquiescence.

## NINTH AFFIRMATIVE DEFENSE

71.    If there be any violation of any right of plaintiff, which defendants deny, it was unintentional and not deliberate or willful, and any alleged damage is de minimis.

WHEREFORE, defendants pray:

A.    That the complaint be dismissed in its entirety;

B.    That judgment be awarded in favor of defendants and against plaintiff on each and every claim in the complaint;

C.    That defendants be awarded their reasonable attorneys' fees and costs in connection with the defense of this civil action; and

D.    That defendants have and recover such other relief and/or further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 19, 2008

                                    **COLUCCI & UMANS**

                                    By: *Frank J. Colucci*

                                    Frank J. Colucci (FC 8441)
                                    David M. Dahan (DD 5864)
                                    218 East 50th Street
                                    New York, New York 10022
                                    Telephone: (212) 935-5700
                                    Facsimile: (212) 935-5728
                                    Email:  email@colucci-umans.com

                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing "Answer and Affirmative Defenses to Complaint," which was electronically filed (ECF), has been forwarded by hand to plaintiff's attorneys, Susan J. Kohlmann, Elizabeth Valentina and Joseph J. McFadden, Jenner & Block LLP, 919 Third Avenue, New York, New York 10022 on this 19th day of May 2008.

David M. Dahan

# EXHIBIT 1

# Limitedbrands

CAROL M. MATORIN
SENIOR VICE PRESIDENT,
SENIOR COUNSEL

January 11, 2008

Gene Bolmarcich, Esq.
Vice President – Intellectual Property Counsel
Liz Claiborne Inc.
One Claiborne Avenue
North Bergen, New Jersey 07047

Re: Juicy Couture/Victoria's Secret

Dear Gene:

Best wishes for the New Year. I am writing because I realized that we never formally closed the loop regarding your letter of November 2, 2007. Again, I thank you for the courtesy of writing. Further to our telephone conversation in late November, I must reiterate that Victoria's Secret does not believe it has infringed the rights of Juicy Couture with respect to packaging of underwear products in the form of a box of cupcakes, rolled candy, lollipops and ice cream cones ("sweets themed packaging").

First, as we discussed, Victoria's Secret began to develop its ice cream, roll candy, and lollipop packaging for panties and camisoles long prior to Juicy Couture's introduction of its own sweets themed packaging for underwear products in May and August of 2007.

Further, in your letter you stated that you believed that Juicy Couture's packaging constitutes the exclusive trade dress of Juicy Couture. You further stated that Victoria's Secret's offering of panties in sweets themed packaging is likely to cause consumers to erroneously believe that Juicy Couture is the source of, or is otherwise involved with, these products.

My understanding of trade dress is that it is the overall appearance of a product or, in this case the packaging of a product, including its shape, design features or elements, etc. To the best of my knowledge, Victoria's Secret has not copied any of the design features or elements of the Juicy Couture packaging in the development of Victoria's Secret's own sweets themed products and packaging. A comparison of the Juicy Couture products and packaging with the Victoria's Secret products and packaging, taking into account their specific design features, indicates that the respective lines of sweets themed packaging are distinct.

Gene Bolmarcich, Esq.                    -2-                    January 11, 2008

Thus, it is my opinion that the Victoria's Secret sweets themed packaging is not an infringement. It would seem that your trade dress claim is not a trade dress claim, but rather an assertion of exclusive protection for the idea or concept of sweets themed packaging.  To my knowledge Juicy Couture has not sought protection for its packaging by means of a design patent and I don't believe that the packaging constitutes copyrightable subject matter.

The idea of displaying apparel or other products in novelty packaging so as to evoke cupcakes, rolled candy, lollipops, ice cream cones and the like is, in my opinion, a concept available to everyone in the marketplace, and is not subject to exclusive appropriation by any one company. It is, therefore, my further opinion that Victoria's Secret is well within its rights in packaging underwear and other products in sweets themed packaging, so long as it does not adopt Juicy Couture's specific designs for its packaging, which it has not done.

I would be happy to discuss this matter with you further, but assume that we now can deem this matter to be closed.

Best regards,

Carol M. Matorin